```
                 UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF VERMONT

NAUTILUS INSURANCE COMPANY,       :
     Plaintiff,                   :
                                  :
     v.                           :
                                  :
ROBERT WADSWORTH d/b/a THE        :
WADSORTH COMPANY, THE             :
WADSWORTH COMPANY, LLC, and       :
NICOLE MCBREAIRTY,                :
     Defendants,                  :
                                  :  No. 2:05-CV-64
     and                          :
                                  :
NICOLE MCBREAIRTY,                :
     Cross-Claimant,              :
                                  :
     v.                           :
                                  :
ROBERT WADSWORTH d/b/a THE        :
WADSWORTH COMPANY,                :
     Cross-Defendant              :
```

## OPINION AND ORDER

Plaintiff Nautilus Insurance Company ("Nautilus") brought this action for declaratory relief against defendants Robert Wadsworth d/b/a The Wadsworth Company ("Wadsworth"), The Wadsworth Company LLC ("Wadsworth LLC"), and Nicole McBreairty. McBreairty subsequently brought a five-count cross-claim against Wadsworth. Currently before the Court is Wadsworth's motion for summary judgment on McBreairty's cross-claim. For the reasons set forth below, the motion (Doc. 33) is DENIED.

## I. BACKGROUND

### 1. The accident and the state and federal court actions

This case is the second of two lawsuits arising out of an accident that McBreairty suffered on July 25, 2004, while working as a painter on a residential construction project in Wardsboro, Vermont. McBreairty's painting services had been engaged by Robert Wadsworth, who was operating an unincorporated construction business under the name "The Wadsworth Company." The accident occurred when an aerial lift owned by Wadsworth tipped over, throwing McBreairty to the ground. At the time, Wadsworth was covered by a commercial liability insurance policy issued by Nautilus.

Following the accident, on September 17, 2004, Wadsworth incorporated his business as Wadsworth LLC, a limited liability company. Wadsworth was and is the sole shareholder of Wadsworth LLC.

On October 25, 2004, McBreairty filed suit against Wadsworth LLC in Windham Superior Court (the "state court action"). McBreairty was represented by Timothy O'Meara, Esq. Her complaint alleged that Wadsworth LLC had negligently failed to maintain the lift and to warn her of its defective condition, and that Wadsworth LLC's negligence had caused her to suffer injuries, medical expenses, lost wages, and other damages.

On March 14, 2005, while the state court action was still

pending, Nautilus brought the instant action in this Court (the "federal court action") against Wadsworth, Wadsworth LLC, and McBreairty.  Nautilus sought a declaration that under the terms of Wadsworth's policy, it was not obligated to provide Wadsworth LLC with coverage for the claims raised by McBreairty in the state court action or to defend Wadsworth LLC in that action.[1]

**B. <u>The dismissal of the state court action; McBreairty's federal answer and cross-claim</u>**

On May 9, 2005, McBreairty's counsel in the state court action, Attorney O'Meara, filed a motion to withdraw.  In an order dated June 27, 2005, the Superior Court granted the motion.  Order, Ex. H to Statement of Undisputed Facts (Doc. 44).  The court ordered McBreairty to obtain new counsel or file a pro se appearance within 30 days, and it stated that "failure to comply within this designated time period will result in dismissal of your claim."  Id.

McBreairty did not respond to the Superior Court's order.  Instead, on July 29, 2005, now represented by new counsel from Hawkes & Mehnert and Hoff Curtis, she filed an answer in the federal court action.  Her answer included a cross-claim against

---

[1] Nautilus's claims against Wadsworth LLC and Wadsworth are no longer before this Court.  Neither of those parties filed an answer to Nautilus's complaint. On January 3, 2006, the Court granted Nautilus's motion for default judgment against Wadsworth LLC, and on February 6, the Court dismissed Nautilus's claims against Wadsworth after Nautilus declined to seek a default judgment.

Wadsworth that asserted claims of negligence, negligent misrepresentation, negligent infliction of emotional distress, and conversion.  The five-count cross-claim alleges that Wadsworth is liable for damages arising from the accident, from statements made by Wadsworth and others subsequent to the accident, and from Wadsworth's failure to return McBreairty's personal belongings.

On August 11, 2005, Wadsworth LLC filed a motion in the Superior Court seeking dismissal of the state court action pursuant to Vt. R. Civ. P. 41(b).  In an order dated August 19, 2005, that court granted the motion and dismissed the action pursuant to Rule 41(b) "for failure of the Plaintiff to prosecute this case and comply with the order of this Court."  Order, Ex. J to Doc. 34.

On February 10, 2006, Wadsworth filed the instant motion in this Court for summary judgment on McBreairty's cross-claim.

## II. <u>LEGAL STANDARD FOR SUMMARY JUDGMENT</u>

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).  A court may not grant summary judgment if a disputed fact exists

4

that might affect the outcome of the suit under controlling substantive law.  <u>Id.</u> at 248.  The burden is on the moving party to demonstrate the absence of a genuine issue of material fact, and in considering the motion, the court must resolve all ambiguities and draw all inferences in favor of the nonmoving party.  <u>Braham v. Clancy</u>, 425 F.3d 177, 181 (2d Cir. 2005).  The nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

### III. <u>DISCUSSION</u>

Wadsworth argues that he is entitled to summary judgment because McBreairty's cross-claim is barred by the doctrine of claim preclusion, also known as res judicata.  In Wadsworth's view, the claims McBreairty now seeks to assert are precluded as a result of the Windham Superior Court's dismissal of the state court action.  As discussed below, Wadsworth's argument is unavailing because he has failed to establish that the state and federal court actions involved substantially identical parties.

**A. <u>The law governing claim preclusion</u>**

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires "all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."  <u>Hickerson v. City of New York</u>,

146 F.3d 99, 103 (2d Cir. 1998). Accordingly, to determine the preclusive effect of a prior judgment, a federal court "must apply the preclusion law of the state in which judgment was rendered." Marrese v. Am. Acad. Of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985).

Under Vermont law, the doctrine of claim preclusion provides that "a final judgment in previous litigation bars subsequent litigation if the parties, subject matter, and cause(s) of action in both matters are the same or substantially identical." Faulkner v. Caledonia County Fair Ass'n, 178 Vt. 51, 54, 869 A.2d 103, 107 (2004). Claim preclusion "applies both to claims that were or should have been litigated in the prior proceeding." Id. at 54, 869 A.2d at 107.

"[I]dentity of parties exists where the parties or their privies are involved in both actions." Pomfret Farms Ltd. P'ship v. Pomfret Assocs., 174 Vt. 280, 284-85, 811 A.2d 655, 660 (2002). In the claim preclusion context, "[a] privity relationship generally involves a party so identified in interest with the other party that they represent one legal right." Id. at 285, 811 A.2d at 660. Put another way, the test "is whether the parties have really and substantially the same interest in the property in issue." First Wisconsin Mortg. Trust v. Wyman's, Inc., 139 Vt. 350, 358, 428 A.2d 1119, 1124 (1981).

**B. <u>Whether the parties in the state and federal court actions are identical</u>**

Wadsworth argues that the identity of parties requirement is satisfied because he is in privity with Wadsworth LLC, the defendant in the state court action. However, he has failed to demonstrate that he and Wadsworth LLC have the same legal interest with respect to this case. The two parties are distinct legal entities, and there is no indication that either would be responsible for the other's liabilities.

To begin with, any liability on Wadsworth's part would stem not from his position as a member or manager of Wadsworth LLC, but rather from his own conduct in his personal capacity. Under Vermont law, subject to certain exceptions not applicable here,

> the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, are solely the debts, obligations and liabilities of the company. A member or manager is not personally liable for a debt, obligation or liability of the company solely by reason of being or acting as a member or manager, except that such member or manager may become personally liable by reason of his or her own acts or conduct.

Vt. Stat. Ann. tit. 11, § 3043(a). Hence, if Wadsworth LLC had been found liable in the state court action, Wadsworth would not have been responsible for that liability by virtue of his position in Wadsworth LLC.

Conversely, there is also no indication that Wadsworth LLC would be responsible for Wadsworth's personal liabilities. Although "[a] limited liability company is liable for loss or

injury caused to a person, or for a penalty incurred, as a result of a wrongful act or omission or other actionable conduct of a member or manager," Vt. Stat. Ann. tit. 11, § 3042, Wadsworth was not a member or manager of Wadsworth LLC at the time of the accident; indeed, Wadsworth LLC did not even exist at the time.

Wadsworth argues that even though Wadsworth LLC was formed after the accident, it would nonetheless be liable for his own prior conduct under the doctrine enunciated in Gladstone v. Stuart Cinemas, Inc., 178 Vt. 104, 878 A.2d 214 (2005). As the court held in Gladstone, the liabilities of a predecessor corporation will pass to its successor corporation if "the purchasing corporation is merely a continuation of the selling corporation[.]" Gladstone, 178 Vt. at 111, 878 A.2d at 220. In Wadsworth's view, in taking over his previously unincorporated business, Wadsworth LLC became responsible for his preexisting liabilities.

The available evidence, however, provides no justification for applying the "mere continuation" doctrine.[2] The Gladstone

---

[2] The case on which Wadsworth primarily relies, Lary v. Ansari, 817 F.2d 1521 (11th Cir. 1987), is inapposite because the plaintiff in that case explicitly conceded that the successor corporation was a continuation of the original business. See Lary, 817 F.2d at 1524; see also Russell v. SunAmerica Secs., Inc., 962 F.2d 1169, 1175-76 (5th Cir. 1992) (finding privity between predecessor and successor corporations where plaintiff based suit against successor on premise that it was a mere continuation of predecessor). Here, by contrast, McBreairty does not concede that Wadsworth LLC is liable as a mere continuation of Wadsworth's original business, and as discussed below, the evidence does not otherwise support application of that doctrine

8

court explained the type of situation in which the doctrine applies as follows:

> The exception is designed to prevent a situation whereby the specific purpose of acquiring assets is to place those assets out of reach of the predecessor's creditors.  In other words, the purchasing corporation maintains the same or similar management and ownership but wears a "new hat."  To allow the predecessor to escape liability by merely changing hats would amount to fraud.  Thus, the underlying theory of the exception is that, if [a] corporation goes through a mere change in form without a significant change in substance, it should not be allowed to escape liability.

Id. at 114, 878 A.2d at 222 (quoting 15 Fletcher Cyclopedia Corp. § 7124.10, at 298-301 (1999)).

Here, there is no evidence that Wadsworth transferred assets to Wadsworth LLC in order to escape liability; in fact, there is no indication that any transfer of assets took place at all.  In addition, in contrast to the situation described in Gladstone where a corporation "changes hats," Wadsworth has not ceased to exist.  Unlike a corporation, an individual cannot merely convert to a different form in an effort to avoid liability.[3]  On this set of facts, the Court cannot conclude that Wadsworth LLC has assumed the pre-existing liabilities of Wadsworth.

---

under Vermont law.

[3] Although Wadsworth is apparently no longer "doing business as" The Wadsworth Company, a "d/b/a" is merely a business name, not a corporate form.  See Vt. Stat. Ann. tit. 11, § 1621 (providing that "[a] person doing business in this state under any name other than his or her own . . . shall cause to be recorded with the secretary of state a return setting forth the name under which such business is carried on").

In short, because there is no indication that either Wadsworth or Wadsworth LLC would be responsible for the other's liabilities, the Court cannot accept Wadsworth's suggestion that he is "so identified in interest with the other party that they represent one legal right." Pomfret Farms, 174 Vt. at 285, 811 A.2d at 660. Because he has not shown that he is in privity with Wadsworth LLC, the state court action cannot serve as a bar to McBreairty's claims in the instant action, and Wadsworth is not entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Wadsworth's motion for summary judgment (Doc. 33) is DENIED.


Dated at Burlington, Vermont this 23rd day of August, 2006.


                                        /s/ William K. Sessions III
                                        William K. Sessions III
                                        Chief Judge